Honorable Appellate Court of the 2nd Judicial District is now open for assembly adjournment. Thank you for your assistance, Inspector. Good morning. Mr. Marshall, if you'd please call the first case of the morning. Yes, Your Honor, this case on block 2-16 by 4104, people of the state of Illinois, plaintiff appellant, the Leonardo Parker Perez, defendant appellant. Arming him on behalf of the defendant appellant, Mr. Joseph Kola. Arming him on behalf of the plaintiff appellate, Ms. Christine Schmidt. Mr. Kola, on behalf of the appellant, you may proceed. Good morning, Your Honors. May it please the Court, Counsel. My name is Mr. Kola. I represent the defendant appellant in this matter. I think all parties can agree to the factual procedural facts of how we got to this point. The issue is, is Mr. Huerta subject to the post-conviction petition that we filed in this matter? Post-conviction, as this Court is well aware of, requires certain requirements. One of them is imprisonment. The word imprisonment, and I won't belabor the point, but the courts have expanded the term imprisonment to mean more than just strictly imprisonment, the concept of being incarcerated. If I could ask you one question before we get to the issue of imprisonment. On what basis can you tell us, did the trial court have jurisdiction, subject matter jurisdiction of this matter, when it appears that the petition to revoke and the warrant was issued after the period of conditional discharge had already expired? Correct. The court did not have jurisdiction. However, our position would be it's irrelevant if the court did have jurisdiction or didn't have jurisdiction. It exercised authority over the defendant in this case. How can the court do anything without jurisdiction? It can issue warrants. It can revoke probation without subject matter jurisdiction. Isn't it void? In essence, yes. I agree with the court on that principle. However, it did issue that. It did put a restraint on my client's ability to move and act within the state of Illinois. He issued a bench warrant, but if he had been, if the defendant had been arrested instead of turned himself in on that bench warrant, he could have brought a motion to quash that would have had to have been granted. Isn't that correct? I'm not scooting any of that. I agree with that 100%. The warrant was improperly issued. However, the warrant wasn't issued. The court exercised restraint over my client in this case. Whether or not it was fair or appropriate or within the court's jurisdiction, I would argue, and that's the whole point of the petition, our argument here is it's irrelevant. What authority do you have, counsel, to support your position? Well, the post-conviction requires a restraint on liberty. Liberty, my client's liberty was restrained in this case. I don't think anybody can dispute that. A warrant was issued for his arrest, improperly issued for his arrest. He had to walk into a police department. He had to post a bond with regard to this matter. He had to stay in custody for whatever length of time it took to post the bond. He had to then be required by law to appear at whatever court date was put on that bond slip. He could not ignore that. All these are restraints upon his liberty. Now, the fact that the court didn't have jurisdiction to issue that, again, I would say is irrelevant in the case of the foam. Well, he didn't have jurisdiction to hear the petition to revoke either. The court had jurisdiction to do nothing. Well, then again, you have a court that's issuing a warrant for a person. You just can't ignore that and say, well, there was no restraint on his liberty. I see your point. You're saying, I roughly agree, that because you had these events where the state filed the petition, albeit erroneously, the court entertained it, albeit erroneously, a warrant issued, albeit erroneously, somehow that elevates the court into having jurisdiction or something akin to that. So when he posts the bond, how is he imprisoned within the meaning of the Post-Conviction Act? He had to appear at court. He couldn't just not appear at court. He could not leave the state of Illinois without permission of the court. If, let's say, he committed another crime the next day, he would be in violation of that bond. There's a variety of things that could have happened with regard to what transpired. Let's assume, for instance, nobody caught that. Nobody caught that little error of one-month extension that was conducted in this case. My client would have, let's say, got picked up on a warrant on a traffic stop, taken into custody, taken to the county jail, taken to DuPage County in front of a judge, and no one caught it, he could have been resentenced. He could have been resentenced up to a year in jail in this case. Now, I don't think anybody would dispute the fact that my client would have a remedy at that point, and it would fall under the ambit of Post-Conviction. We cannot just simply strip him of, we cannot say he didn't have a restraint on his liberty just because the restraint was improperly authorized or issued. Have you seen any other cases where the facts are analogous? Is this a case of first impression? I have not found the case, and I don't think there probably will ever be a case where this type of fact pattern would probably develop itself where we're seeking a Post-Conviction in the sense of it was improper, the restraint on his liberty was improperly issued. But the whole point of the Post-Conviction petition, let's assume, for instance, we have a rogue judge out there and a rogue prosecutor who says, okay, we're going to arrest everyone with this type of caliber. We don't care what they're, we're going to fabricate a charge. Aren't there other remedies that go against the judge? There might be other remedies against the judge and against the prosecutor, but let's assume that we go through that route. Let's say the judge says, okay, I'm going to sentence you to 30 days jail, but your case is continued 31 days out. You're beyond the 31 days to file a direct appeal. You might not have a 1401 motion which would allow you to go back and vacate that. So we can't just sit there and say that's an acceptable norm. Let's stop and think a minute what you're asking us to do. You recognize the well-settled body of law that says the parties, even by agreement, including the court, cannot confer jurisdiction on a court. You recognize that. Correct. Well, that's the law. You don't have jurisdiction. Even by percent. You don't have it, even by percent. Right. So now you're asking us to carve out and create an exception to that rule. It has to be your position because you've admitted there is no jurisdiction. I'm not disputing the fact that the court had no jurisdiction to issue that warrant. I'm not disputing the court had no jurisdiction to rescind it. In fact, I was the one who brought it forward to the court's attention at the initial appearance. My client was the judge. This warrant and this petition to revoke was issued beyond the statutory time from which the court had jurisdiction. What I'm saying is once the court acted, whether properly or improperly, then it brings the person under the restraints of liberty as required for a post-conviction. Well, what about your initial argument that the defendant should have some remedy? He can't be incarcerated indefinitely under the situation where there's a jurisdiction in that. As Justice Yenov alluded to, it dispels a motion of clause. I understand. But the issue on the post-conviction was his liberty restraint. Well, but in order to have standing under the post-conviction act, a defendant needs the procedures under the act to secure his liberty. Here, he did not need the post-conviction act procedures to secure his liberty. He could have used a motion to clause. So he didn't. So how could he have standing under the post-conviction act? If that is the standard, then once a person is in, let's say, the Department of Corrections, he files a post-conviction the day before he's supposed to be released. Then he gets released the next day. Then every post-conviction, by definition, becomes moot at that point. And then if he's still on, if he's on parole, he has not finished serving his sentence. So that's different. So he still is then, quote, imprisoned under the case law, at least as I read it, counsel. But the post-conviction just requires that the person's liberty be restrained at the time that he files his or her petition to a post-conviction petition. Whether or not that is subsequent to that, there's delays upon delays, which then makes the point, in essence, moot is irrelevant. It shows that he filed or she filed the petition within the time, the fashion, when the restraint was. So you're saying, irrespective of the reason, technically his liberty was restrained at that time. Exactly. I am not saying that the court had proper jurisdiction. I was the one who confronted that with the court at the beginning of this, at the trial level. What it is, is his liberty was restrained. Once it was restrained, then that subjects this to the Post-Conviction Act. And we're saying there was restraint on his liberty. Let's assume the warrant was properly issued. I don't think anybody can dispute the fact that his liberty was restrained. I think that's an assumption. We're assuming that it was restrained. There's case law, Martin, I forgot the last name of the person. Well, yes. He ends up in jail. His liberty has been restrained, however he gets there. But did that toll the period of time he was on conditional discharge? So that, right. Well, no. Once the conditional discharge period ended and the court, however it got kicked over for another month without a petition to revoke was executed, his conditional discharge ended that day. Right. I'm not saying so. Other than the petition to revoke, but the post-conviction petition wasn't filed until September 22, 2016. Right. The petition to revoke was filed May 1st at a time when the trial court, we all agree, had no jurisdiction to do so, and his conditional discharge had expired. So how do we get from the May date, unless somehow the filing of that petition to revoke told the ending of his conditional discharge, it was still going on? Because otherwise then you've got the post-conviction petition as just hanging out there. His conditional discharge terminated, I believe, was eight years prior to our filing of post-conviction. We're not disputing that. We're not saying that his conditional discharge was in essence told by the fact of what transpired in that one month period of time. What we're saying is under the Post-Conviction Act, all that is required is there's a restraint upon his liberty exercised by the court, by the state. Well, wait. I mean, you keep saying restraint on liberty as being the lynchpin. Would you agree that not every restraint on liberty results in standing under the Post-Conviction Act? Any restraint on liberty as a result of the criminal proceedings does. Well, no, as a result of the sentence that a person is serving. There's cases where a person is sentenced on a sex offense and is forced to register as a sex offender. Those cases are, those are all collateral consequences of his plea. The immigration consequences where a person pleads guilty and is subject to being housed by immigration for deportation proceedings, those have all been collateral to his actual plea and sentence. In this particular case, the restraint is clearly a result of this particular case. We're not saying that this is a result of a sex offense. But if he was pre-sentenced, if he was pre-sentenced and in on a warrant, he would have post-conviction standing, correct? Well, in the case of Martin, the person was on an appeal bond on re-sentence. I know, but he was sentenced already. If you have someone charged with a crime, they're on bond, and then a warrant issues, they've never been sentenced yet, there's no sentence, they're not serving a sentence, that person wouldn't have standing, correct? Correct. Okay. So here you have the sentence that ends, so the person is not serving a sentence anymore. A warrant issues improperly. The person has habeas corpus relief, has, you know, any type of relief. I mean, I agree with you that if for some reason improperly that the court re-sentenced this guy, maybe he'd have standing then, but we weren't at that point. The sentence ended, a warrant issued, he's not serving the sentence anymore, he has other relief. He doesn't need the protection of the act. But again, under the reading of the Post-Conviction Act, under the expansion of the definition of a prison, all that requires is a restraint based on this particular case on his liberty to get to the second stage of the post-conviction. Well, the cases I'm reading talk about as long as the person is serving some part of his sentence, he has standing under the act. That's what some of the cases say. Well, he wasn't serving any part of his sentence anymore. He wasn't, but the court imposed a restraint on his liberty as a result of this mistaken belief that he was subject to the court's jurisdiction. Mr. Colon, have you read the Stravinger case from this district? Are you familiar with that case? To be honest, Your Honor, I am not familiar with that case. Let me quote the whole thing from the case and see how this fits into your argument. A defendant retains standing under the act so long as he is challenging a conviction for which he continues to serve some form of sentence. Part one. Second part says that his liberty would be directly affected by invalidating his conviction. Picking up on what Mr. Perkins said, what conviction is he challenging at that point when the case is over? And second, how would his liberty be directly affected by invalidating his conviction? His liberty is affected by quashing the warrant. Okay? So how does your argument jive with those principles from that case? Then I would go back to People v. Davis, 39 Illinois 2nd, 325, from 1968, where a person files his petition while serving the sentence, subsequently released, and then the post-conviction is litigated while he is done with his sentence. Yes, but he filed it. There's a condition you don't have here. It's distinguishable. You said in that case he specifically filed it while he was serving the sentence. Here, there was no sentence being served. But he's still subject to the Court's restraint on belief, the mistaken belief, that he is subject to the Court's jurisdiction. That may all be true, but what is his remedy? Is his remedy to file a motion to quash, or is his remedy only in the post-conviction hearing? His remedy is that he can file a post-conviction challenging the actual case itself, and that's exactly what we're seeking to do. So he can go back and challenge the conviction of no sentences. Correct. Because that's what you want to do. You want to challenge his conviction. I want to challenge the conviction. You're not challenging the warrant or the PTR. You're challenging his earlier conviction. Our goal is to go back and reopen this matter. That's our entire goal in this matter. Because the warrant was mistakenly issued, we're going to carve out an exception that allows him to challenge a sentence eight years after it's over and he's not really in prison. We're not asking for a carve-out exception. We're asking that this Court adopt the expansion of the term imprisonment to include an improperly issued warrant in this case. That is what we're asking the Court to do. We're not asking, well, we're just asking the Court to have it routinely held that where there's some kind of liberty restraint, that it brings him under the ambience of the Post-Conviction Act. That's what we're asking to do. Thank you very much, Mr. Keller.  Thank you. All right, Ms. Schwinn, on behalf of the appellants. Good morning, Counsel. May it please the Court. I just want to pick up briefly on... You are Kristen Schwinn, right? Yes, I apologize. Kristen Schwinn, on behalf of the people. I want to pick up briefly on opposing counsel's touching of the Illinois Supreme Court people v. Davis. That's in 1968, where in that case, the Illinois Supreme Court found that a defendant who filed their petition while he was serving, even though the proceedings did not end prior to his imprisonment ending, they found that he still had standing. Since then, the Illinois Supreme Court and many appellate courts have found that, have interpreted Davis to say that a defendant should not be essentially punished for, let's say, the last time of the court to litigate its actual petition. And so I just wanted to clarify Davis. Davis is not that just because it moots out. It's the defendant's ability to continue on with his petition without being subject to the procedural or the time restraints of the court or the appellate defendant. Because it was filed while the court litigated it. Because it was filed timely, and it's through no action of his own that it did not finish before his imprisonment ended. And obviously, a defendant like that is attempting to use the Post-Conviction Hearing Act in order to obtain release. Many of the cases that interpret standing, they look to whether or not an action would advance their release date. So in cases that have standing, they all deal with some, they are serving some iteration of their sentence. Here, the defendant's sentence ended on April 1st, 2008. So there was no sentence to be released from, obviously. I apologize. There was no sentence to be released from. That's correct. Counsel invites us, though, to expand the definition of restraint of liberty to include this particular situation of an improperly issued warrant. Why should we not accept his invitation? Sure. Well, in this case, his liberty is not being actually deprived by his sentence or his conviction. Actually, when you're looking to interpret actual deprivation, they look to determine if there is a string that the state may pull to bring the defendant back under their jurisdiction. Well, he argued his client was arrested or certainly turned himself in on the warrant. Sure. How is that different? The state had no, I mean, in this case, there was no authorization for the state to pull that string. But they pulled it nevertheless. They did pull it nevertheless. But in this case, you know, in terms of being actually deprived of their liberty, you can seek to pull a string and they're under, you know, the defendant is under the state's thumb in this instance. But as your honors have indicated, there was no authority for the court to have issued that arrest warrant. There was no authority for the people to have issued their petition to revoke it. What difference did that make? Well, for one, this is not the only, the post-commission is not the only avenue for the defendant to obtain a remedy. Your honors, you stated you could file a motion to quash. Should he have been incura improperly sentenced, a habeas petition is available for him because there was no authority for the court to have sentenced him. These are avenues, the intent behind the Post-Conviction Hearing Act was that it was a statutorily created vehicle for judicial review when direct appeal, when habeas corpus, and when a quorum novus was unavailable. There are other available remedies for this defendant. Sounds to me like post-conviction relief would be absolutely appropriate if there's no authority for the court to sentence somebody. I mean, if a court sentences someone to prison and they have, and the court had no authority to do so, I mean, it seems to me that that's unconstitutional, the person serving a sentence for a conviction, and that would be, I think, number one on the list of remedies that you could go after as post-conviction relief. Respectfully, I would argue that there's a difference between the claim alleged and standing. And in terms of whether or not he has standing, here, standing is when they have no other remedy and they're trying to advance their release date or they're trying to get out from the encumbrance of the conviction. I don't know of any cases that talk about the Post-Conviction Act being, is only available if there's no other remedy. Are there cases that say that, that there's no other remedy whatsoever? I mean, defendants file PCs all the time along with a 214-01 and habeas and mandamus and all kinds of things. Sure. I am uncertain if there is a specific case that says it's when no other remedy is available. But the legislative intent that goes back from the 1950s and 60s was the Post-Conviction Hearing Act was created as an avenue for when there is no other remedy that's generally available. There's no direct appeal available. Habeas is unavailable. A quorum novus is unavailable. And so that's why they created the statutory remedy. And I believe that goes back to that, I believe the 1968 Davis case cites it. And then there is a, goes back to the U.S. Supreme Court of the Fawcett case. And if Your Honors would like, I can get you guys citations to those cases as well. But that's where the intent comes from, which is the post-conviction was a statutorily created one for when there is a constitutional deprivation of constitutional right, and there's no other avenue for the defendant to have raised this claim. If he had been resentenced in this case to two years of further conditional discharge, some jail time, whatever, and then filed a post-conviction petition, would he have had standing? I think it would have, I think in this case it would have to go back that there was no authority for the court to have done any of this. And so therefore there wouldn't be standing because really his sentence had ended. Well, then what would his remedy be then? He'd have to have a remedy. It's a habeas petition. Well, I'm not so sure that, why wouldn't he have standing because you just said that he has to be, it's available when he's serving a sentence. Sure. If he's serving a sentence erroneously, it would seem he is serving a sentence. In this case, part of the analysis, he was not under any kind of a sentence to challenge at the point where he was arrested. Sure. Under that scenario, I was thinking about that myself, what happens if somebody goes back to prison and nobody notices that the jurisdiction had expired? Couldn't he then, because he's challenging a sentence? I mean, you'd have a stronger argument, I think, under that scenario. It might be a stronger argument, Your Honor, but in this case, he doesn't need the vehicle of a post-conviction hearing, a post-conviction in order to obtain his liberty or to obtain relief. In this case, he would just, in that case, he would have needed to have filed a habeas petition, and he would have been able to state there was no authority for the court to have. And that's what a habeas is about. So the authority for holding this person. Correct. Would then the ending of his prior sentence have to have been told for him to have had standing under the post-conviction? Correct. Because in this case, the sentence was not told. In fact, they filed an untimely petition to revoke. So there was really no encumbrance from the sentence or the conviction at the time of the arrest warrant. And the people have been unable to find any case where the standing has been found where a defendant has not been serving some iteration of their sentence. In fact, there are numerous cases that find that some different aspect as a result of their sentence, nonetheless, they don't have standing. Sexually violent. Those committed under the Sexually Violent Act. Sexually violent persons, excuse me. Those committed under the Sexually Dangerous Persons Act. Those subject to sex offender registration. Those subject to deportation. Those where they have fully served their sentence and that conviction is being used to enhance another sentence. Or to enhance their sentence or to use as an element for their conviction in another sentence. In all of those instances, they are not serving an iteration of their sentence. Just like this defendant. Everyone agrees that his sentence ended on April 1, 2008. He does not file his post conviction until almost 10 years later. In that case, there is no authority for the court. We agree there is no authority for the court to have issued an arrest warrant. And the petition to revoke did not toll the defendant's sentence. In those instances, there is no string that the state could pull because they didn't have any authorization to pull that string. So therefore, his liberty was not actually deprived of this conviction. In this case, the circuit court did exactly what it should have. It noted that its sentence ended. So therefore, it had no authority to continue on with the arrest warrant. Excuse me. With the petition to revoke, it found that because his sentence had ended, he had no standing to initiate a proceeding under the Post Conviction Hearing Act. And if there are no further questions, we would ask that this court affirm the dismissal of the defendant's post conviction petition. Thank you. Thank you. Mr. Coleman and Lee Butler. There is no need to file a post conviction. That's a remedy. There's several remedies that can be filed across the board. We don't have to choose and exclude others. We can file a post conviction. We can file a 1401. We can file a habeas. We can file a writ. So all those are options that a person can use. The fact that this one, we chose the post conviction, is one of the options. And it doesn't negate the fact that we can do it just because we have other remedies available. Well, I don't know if I can completely agree. There are certain requirements for all of these remedies. The Post Conviction Act was specifically created by the legislature. So I don't know that it's just one of many options. But she touched on something important. Let me ask you a point of question. Why wouldn't a petition for habeas corpus get him released, quash the warrant, his liberties no longer restrained? Why would that not have been appropriate in these circumstances? Because it's a freestanding motion. You filed a petition for habeas. You don't have to meet the requirements. He's out of custody. I agree. You're not challenging a sentence at that point. You're challenging his custody. Not a sentence. Correct. That's a different way of approaching that case. As far as if I wanted him to get released. What transpired is he was serving a sentence. That sentence was, in essence, extended improperly. No, it was over. It was extended. But if Mr. Huerta did not show up in court to file after paying bond, another warrant would definitely issue in that case. Right. Because you can't extend a sentence in jurisdiction improperly to that secretary. There is no jurisdiction. I agree with you. It was improperly done. But that doesn't take away from the fact that there's a restraint on his liberty. Let's assume, for instance, we have a case, a statute that's declared unconstitutional. A person goes into court, pleads guilty to a statute that's later declared unconstitutional. He can file a false conviction, even though the court never had proper. Because he's in jail serving a sentence. But the court never should have jurisdiction in that case. Therefore, it would be the same argument in that regard. Well, would you concede that a petition for habeas corpus, as we know the nature of it, would have been effective? I'm not disputing that. Then why go into the false conviction? Yeah, you know, as Judge Burke clearly asked me in my questions, our goal is to attack the actual conviction itself. But you have to be able to do it properly. We are doing it properly. Because the court pulled the court, the government pulled the string in this case. Whether or not they had the authority or the ability to do that, they pulled a string in this case, as the court has repeatedly said. And we are saying when they pulled that string, well, they should be subject to the ramifications of pulling that string. And they would be with a habeas and a motion to file. And one of the other forms of relief that we would respectfully argue is they would bring it back to the gambit of a false conviction petition. But there was clearly restraint on his liberty. Maybe he shouldn't have been exercised. Maybe he shouldn't have been issued in this case. However, when the government and the court decided to exercise it, then we have the ability to go back and attack that false conviction. Counsel, I guess I'd like to ask one follow-up question. If you, if we were to allow this type of expansion of restraint of liberty to give a defendant standing under the Post-Conviction Act, what parameters would there be? Here there were eight years between the end of the sentence and the filing of the Post-Conviction Act. I mean, what if there were 15 years? Is there any time limit on it? Can somebody do it 20 years from now? When it comes down to a restraint on someone's liberty, I don't think there is a time limit to that. It could be 100 years for all I care. But you will, I really doubt this fact pattern will ever reemerge. It's such a unique and bizarre fact pattern that we are not creating a precedent that's going to open a floodgate down the road. This is not where we're saying, okay, if you have a deportation consequence, we would open that. You can file a post-conviction because you're restrained under the Immigration Act. We're not saying that. We're saying in this unique fact pattern case, in this fact pattern, which I clearly doubt we are ever possibly going to ever see again, that there was a restraint, and Mr. Werther should have the benefit of that restraint that was improperly issued in this case. That's what we're saying. Let me ask you another question that comes to mind on your scenario. Sometimes the clerk's office may tell the court, hey, there's a warrant should have been issued for this person. Years later, and it's erroneously issued. Fortuitously, then, the defendant says, even though I was convicted and I served my sentence 50 years ago, according to you, he can do that. Right? Under the Post-Conviction Act, as opposed to simply quashing an arrest warrant. Anytime. Maybe I'm just that bleeding argument. I've given you a far out example, but I'm trying to carry out your argument to its logical extension. It seems pretty far out. Shouldn't we give a person whose restraint on liberty is being exercised by a court, properly or improperly, all benefit of the doubt? Yes, I agree with you, but under the proper mechanism. And we would argue, in this particular case, the proper mechanism in this particular case is the Post-Conviction Act. I don't want the court to be here under the impression that I'm trying to get my client released from custody and so forth. That's not the point of us with this Post-Conviction. Our reason for filing this Post-Conviction is strictly to challenge the conviction in this case. But you couldn't have done that unless the warrant was erroneously issued, right? I could not have done that unless there was a warrant issued. When we read that, we were happy that that warrant was issued. It was fortuitous. And that would be the same if a warrant was quashed. Let's say your client came in a week after that warrant was issued and said, hey, you weren't supposed to issue the warrant. It was quashed. But then the quash order never hits the computer, and he gets picked up 30 years from now. Then he can challenge his conviction. Maybe there might not be the strongest argument, and I would have to analyze it, because once the court issues the quash or the warrant, the fact that the mechanics of the warrant, that there wasn't a chance. But his liberties are still there. There was a restraint on his liberty. I haven't thought out that scenario completely. But, again, we have an action done against an individual in this country. I think the benefit of doubt in this regard should go to my client. We're not asking for an overall expansion of the Post-Conviction Act, because this, again, I can't imagine this pattern occurring that quite often. And if it does occur that quite often, if it does happen, so be it. But the ramifications be where they may, and people should be taken account of for issuing warrants for people that they couldn't legally issue for. Thank you very much. All right. I would like to thank both counsel for the quality of their argument this morning on this most interesting case. The matter will, of course, be taken under advisement. A written decision will issue in due course. We will stand in recess to prepare for the next case.